## TERRITORY OF HAWAII *v.* PACIFIC CLUB.

QUESTION RESERVED BY CIRCUIT COURT.

ARGUED MARCH 1, 1905.          DECIDED MARCH 6, 1905.

HARTWELL, J., CIRCUIT JUDGES DE BOLT AND ROBINSON IN PLACE OF FREAR, C.J., AND WILDER, J.

SPIRITUOUS LIQUORS—*furnished by an incorporated social club not licensed to sell to its members and guests constitutes selling and violates statute imposing penalty for selling without license.*

The Pacific Club, a Hawaiian corporation, by its own admissions furnished spirituous liquors to its members and guests who paid the club therefor, this being done not for profit or as a business, but solely for mutual convenience. Held: The transaction was a selling and subjects the club to the penalty provided by

section 444 of the Penal Laws for selling spirituous liquors without a license as provided by statute.

ID.—*Organic Act, section 55.*

In view of the provision of the Organic Act, section 55, "Nor shall spirituous or intoxicating liquors be sold except under such regulations and restrictions as the territorial legislature shall provide," a failure on the part of the legislature, if any there be, to provide for licenses for such clubs would not be a defense for selling without license as provided by law.

OPINION OF THE COURT BY HARTWELL, J.

The district magistrate of Honolulu found the defendant, a Hawaiian corporation, upon its own admission guilty of selling spirituous liquors in violation of section 444 of the Penal Laws of 1897 and imposed a fine of $100 and $3 costs, from which judgment the defendant appealed to the circuit court of the first circuit, waiving a jury. The case coming before the first judge of that circuit, he reserved for the consideration of this court the question of law whether or not upon the admitted facts the defendant was guilty of the charge. It is unnecessary to recite in detail the facts admitted. They show the usual methods of social clubs by which for the convenience of its members and guests the club supplies drinks for members and invited guests on their orders. We have no doubt that the facts show that the defendant has violated the law. The absence of intention to violate it or the belief of members of the club that the club is not violating the law does not do away with the statute or affect the nature of the acts complained of. The transactions between the club and its members and guests which are shown by the admitted facts amount in law to sales of spirituous liquors by the club to its members and guests. The motive or purpose of the selling is immaterial, and so is the fact that sales are not made for profit or as a matter of business. The transactions constitute sales, whether the statutes concerning licenses are adapted or intended for such clubs as this or not, and whether or not the written constitution of the club or the law permits it to take out a license to sell. If for any reason

the club cannot or does not obtain a license, it is amenable to the law against selling without a license, and to avoid this result its members would have to do as house-holders do, namely, buy their own wines and liquors of licensed dealers and entertain their guests free of charge. This seems to us to be so clear that we cannot accept any other interpretation of the law, whether made by officials who may also be members of this club, or expressed in the views of eminent courts elsewhere. We have examined all of the decisions cited by the defendant in its able brief, but in so far as they are made under statutes like our own we cannot and do not regard them as law. There is no room for construction of the statute. The meaning of its language is too clear for doubt. Apparently Federal authorities are not in doubt upon the subject since, as shown by the admissions, they require a license of the club for retailing wines and spirituous liquors. The object of the statute imposing a penalty for selling without license is not merely to restrict and regulate sales, but to obtain revenue therefrom. No one would say that a corporation selling as the defendant has done but solely for purposes of profit, would not be liable, and yet the good or bad faith of the selling is immaterial. The case is not presented of two or more persons buying liquors for themselves to be paid for by those of their number who use them, but of a corporation buying and paying for liquors and then selling them.

The final argument of the defendant appears to be as follows: The statute imposes a penalty upon persons selling without having such a license as is provided by law. The law provides no license for sales of the kind admitted to have been made in the present case; therefore the defendant is not liable, even on the supposition that it is selling.

This contention cannot be admitted to be correct in view of the provision of the Organic Act, section 55: "Nor shall spirituous or intoxicating liquors be sold except under such regulations and restrictions as the territorial legislature shall provide." If the territorial legislature has failed to provide regu-

lations and restrictions for club sales of spirituous liquors the conclusion is that such sales are prohibited by the Organic Act.

The cause is remanded to the circuit court with instructions that the admitted facts show that the defendant was guilty of the charge of selling spirituous liquors without a license.

*L. Andrews, Attorney General,* for the Territory.

*W. A. Whiting, W. L. Stanley* and *R. W. Breckons,* for defendant.

## DISSENTING OPINION OF CIRCUIT JUDGE DE BOLT.

I am unable to concur in the opinion of the court in this case. As I view the transaction in question, the furnishing of intoxicating liquor. by the club to one of its members is not a sale within the contemplation of the statute, but a mere distribution of such liquor.

The Pacific Club is not an ordinary business or stock corporation, but a voluntary association organized and maintained as a *bona fide* institution, not as a business concern for profit or a livelihood or as a scheme to evade the law, but chiefly for the literary, intellectual and social advantages thereby afforded to its members and guests. The furnishing of liquor by the club to its members and guests is merely incidental to its chief purposes. It does not sell or furnish liquor to the public in general or to outsiders, and its membership is selected and limited, and no person can become a member at his pleasure. The club is not engaged in the business or traffic of selling intoxicating liquors for profit or a livelihood, nor is it open to the public. Its liquors are kept for consumption and not for sale. "Business," in a legislative sense, is that which occupies the time, attention and labor of men for purposes of profit or a livelihood. Such are not the purposes of this club. While it is true that a profit is not an essential ingredient to a sale, still, doubtless it will be conceded that an indispensable criterion of business is that profit is intended. And I submit that the various legislatures, from time to time, in the enactment of our

statutes, relative to intoxicating liquors, had these essential elements of the business and traffic therein, in mind; and did not intend or contemplate that an organization, such as the Pacific Club, should be required to pay a license merely for the purpose of equitably distributing liquor among its members for their own use. I say "equitably distributing," because such, to my mind, is the obvious purpose and intent of clubs of this character, as contradistinguished from a sale. Such a transaction or distribution is not a bargain or a sale in the way of trade, and therefore not within the purview or meaning of the statute. Viewed from a technical and strict legal standpoint all the elements of a sale may appear to be present in the transaction; still, it does not necessarily follow that there was a sale. We must look to the good faith, intention and purpose of the parties, as well as to all the surrounding facts and circumstances. Black On Intoxicating Liquor at Sec. 142, says that, "the rational conclusion is that the intent must govern." In 11 Am. & Eng. Enc. Law, p. 727, it is said that "the distribution of liquors by a *bona fide* club among its members is not a sale within the inhibition of a liquor law, even though the person receiving the liquor gives money in return for it, and the law prohibiting the sale of liquor on Sunday does not apply to such a club." Does not this clearly show in truth and in fact that the members, whether of an incorporated or unincorporated club, are only drinking their own liquor? It would seem, however, that guests of the club do not stand in the same relation towards the club as its members. Guests have no title or claim whatsoever to the liquor and when it is furnished to them for money that probably would be a sale. *Klein v. Livingston Club,* 34 L. R. A. 94.

In the case at bar the liquor is purchased by the club for the use of its members, and to be distributed among them as they may desire, each paying or placing in a general fund according to the quantity consumed by each individual member. This, as it seems to me, whatever else it technically may be, is not a sale in fact, but a convenient and equitable method of dis-

tributing among the members their own liquor. The learning and plausible reasoning of the courts upon the question as to the title in the first instance, being in the club and passing to the members upon the payment by him for the liquor, as it seems to me, is artificial, strained, misleading and a sacrifice of substance for mere form.

Furthermore, the statute, with which we are now dealing, is penal, and should be construed strictly against the defendant and liberally in its favor. An additional element to be considered in this connection, is that of the government officials whose duty it has been for a long period of time to construe and enforce this statute. They have never, prior to the present action, sought to continue or enforce it against clubs of the character in question. Upon this phase of the case, *People v. Adelphi Club,* 31 L. R. A. 510, is in point.

It is my opinion therefore that the Pacific Club has not violated the statute.